CLARK E. RASCHE, OSB No. 114960
Email: crasche@wlrlaw.com
WATKINSON LAIRD RUBENSTEIN, P.C.
1203 Willamette Street, Ste 200
Eugene, OR 97440
PO Box 10557
Eugene, OR 97440
T: 541-484-2277
F: 541-484-2282
Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Medford Division

| | |
|---|---|
| SOUTHERN OREGON ELMER'S, LLC, | Case No. 1:23-CV-1476 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| THE UNITED STATES SMALL BUSINESS ADMINISTRATION; ISABELLA C. GUZMAN, in her official capacity as Administrator for the United States Small Business Administration; JANET L. YELLEN, in her official capacity as United States Secretary of the Treasury; and THE UNITED STATES OF AMERICA, | |
| Defendants. | |

**OVERVIEW OF DISPUTE**

1.

Congress passed the Coronavirus Aid, Relief, and Economic Security Act (**CARES Act**) to corral the economic devastation caused by the COVID-19 pandemic. Pub. L. No. 116-136 Stat. 281 (2020). Congress enacted the CARES Act to protect the millions of Americans employed by

small business. Part of the CARES Act includes the Paycheck Protection Program (**PPP**), which provides the Small Business Administration (**SBA**) with the funding and authority to operate a loan program designed to financially assist small businesses with their cash-flow during the COVID-19 pandemic. *See id.* § 1102; 15 U.S.C. § 636. "Specifically, the CARES Act amends section 7(a) of the Small Business Act, a preexisting statutory scheme that authorizes the SBA to issue loans, and guarantee loans made by private lenders, to qualifying businesses." *Daniel T.A. Cotts PLLC v. American Bank, N.A.*, 2021 WL 2196636 at *1 (S.D. Tex., 2021) (citing 15 U.S.C. § 636(a); 13 C.F.R. § 120.2(a).).

2.

"Pursuant to its delegated authority, the SBA issued an interim final rule *** in April of 2020 to implement the PPP [the **April IFR**]." *Id*. (citing Interim Final Rule, Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20811 (Apr. 15, 2020)). Section 1106 of the CARES Act "provides that a borrower's indebtedness under a PPP loan will be forgiven to the extent that the borrower uses the funds to pay expenses relating to payroll, mortgage interest, rent, and utilities during the eight-week period following the loan's origination." *Camelot Banquet Rooms, Inc. v. U.S. Small Bus. Admin.*, 458 F. Supp. 3d 1044, 1050 (E.D. Wis. 2020) (citing Interim Final Rule, Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20, 811, 20, 813-14 (Apr. 15, 2020)).

3.

Prior to the CARES Act, the SBA limited the types of classifications of small businesses eligible to receive funds under other, narrowly tailored, loan programs. *See* 13 C.F.R. § 120.110. Aware of these limitations and seeking to create a loan program able to quickly provide emergency relief to workers and businesses, Congress intentionally "[i]ncreased eligibility" for forgiveness of

PPP loans. 15 U.S.C. § 636(a)(36)(D). Congress made clear this intent by specifically providing that "any business concern … shall be eligible to receive a covered loan." *Id*.

4.

Pursuant to the April IFR, the SBA added eligibility requirements that excluded small businesses from eligibility in cases where "[a]n owner of 20 percent or more of the application is incarcerated, on probation, on parole; presently subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction, or has been convicted of a felony within the last five years[.]" April IFR, 85 Fed. Reg. 20811-01 (April 15, 2020). The April IFR was revised in June 2020 to shorten the time period for felony convictions. 85 Fed. Reg. 36717-01 (June 18, 2020) (the **June 18 IFR**). It was revised again on June 24, 2020, to exclude businesses from PPP eligibility only if an owner of 20 percent or more of the company was facing felony charges. Fed. Reg. 38301 (the **June 24 IFR**). The June 24 IFR also revised the criminal history exclusion rule to apply only "to individuals whose parole or probation commenced … within the last five years *for any felony* involving fraud, bribery, embezzlement, or a false statement in a loan application for federal financial assistance, and within the last one year *for other felonies*." June 24 IFR (emphasis added). In summary, the June 24 IFR eliminated the criminal history exclusion for PPP eligibility when owners of 20 percent or more of an applicant are on probation for any misdemeanor offense.

5.

The criminal history exclusions contained within the April IFR and the June 18 IFR were the result of arbitrary and capricious rulemaking, and as a result the rules were invalid as promulgated. The April and June 18 IFRs are arbitrary and capricious because "those rules contain no explanation for the criminal history exclusion. In the June [18] IFR, which eased the exclusion,

the Administrator explained '[a]fter further consideration, the Administrator, in consultation with the Secretary of Treasury *** has determined that a shorter timeframe for felonies that do not involve fraud, bribery, embezzlement, or a false statement in a loan application or an application for federal financial assistance is more consistent with Congressional intent to provide relief to small businesses and also promotes the important policies underlying the First Step Act of 2018 (Pub L. 115-391.' [citing the June 18 IFR].  But the June [18] IFR still does not explain the initial purpose of the criminal history exclusion, rather offering only a reason to ease it." *Defy Ventures, Inc. v. U.S. Small Business Administration*, 469 F. Supp. 3d 459, 475 (D. Md. June 29, 2020).  The broad criminal history exclusion found in the April and June 18 IFRs was promulgated "without any explanation whatsoever[.]" *Id*.  *Post hoc* rationalizations are not enough to overcome the lack of contemporaneous support in the rulemaking record.  The Supreme Court has stated that "[a]n agency must defend its actions based on the reasons it gave when it acted." *Dep't of Homeland Sec. Regents of the University of California*, No. 18-587, 591 U.S. ---, 140 S. Ct. 1891 (2020).

## THE PARTIES

6.

6.1.    Plaintiff Southern Oregon Elmer's, LLC is a limited liability company organized under the laws of the State of Oregon.  Plaintiff is in the business of, among other things, owning and operating multiple casual dining restaurant concepts throughout Oregon.  David Thomason owns 50 percent of Plaintiff.  His wife Doneta Thomason owns the other 50 percent.

6.2.    Defendant SBA is an independent federal agency created and authorized pursuant to 15 U.S.C. § 633 et seq.  Under the CARES Act, the SBA administers the PPP.

///

///

6.3. Defendant Isabella C. Guzman (the **Administrator**) is the Administrator of the SBA and is sued in her official capacity only, as the Administrator of the SBA. Authority to sue the Administrator is granted by 15 U.S.C. § 634(b).

6.4. Defendant Janet L. Yellen is the Secretary of the United States Department of the Treasury and is named as a defendant in her official capacity only. Because she is the officer with final authority on all matters relating to the Department of the Treasury consulting with the SBA for the implementation of the PPP, Secretary Yellen is a proper defendant for causes of action brought under the APA; and

6.5. Defendant United States of America (**United States**) is named as a party pursuant to 5 U.S.C. §§ 702, 703. The actions complained of were taken by the United States through its officials or agencies, including the SBA and the Administrator.

## VENUE AND JURISDICTION

7.

This Court has jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, 1346(a)(2) 1361 and/or 2201. Authority for judicial review of agency action is further found pursuant to 5 U.S.C. § 702.

8.

Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 703 because Plaintiff resides in this judicial district.

9.

The SBA's review and denial of Plaintiff's administrative appeal of its decision through the SBA's Office of Hearings and Appeals (**OHA**) became final thirty days after service of the OHA Decision denying Plaintiff's Petition for Reconsideration. 13 C.F.R. § 134.1211(g).

10.

Plaintiff is entitled to judicial review of the SBA Final Decision and the OHA Decision. 13 C.F.R. § 134.1201(d) ("An appeal to OHA is an administrative remedy that must be exhausted before judicial review of a final SBA loan review decision may be sought in a Federal district court."); § 134.1211(g) ("*Appeal to Federal District Court*. Final decisions may be appealed to the appropriate Federal district court only.") (emphasis in original).

## FACTUAL BACKGROUND

### I. The CARES Act

11.

On March 11, 2020, the World Health Organization declared the coronavirus COVID-19 outbreak a global pandemic.

12.

On March 25, 2020, Congress passed the CARES Act to mitigate the economic devastation caused by the COVID-19 pandemic. Pub. L. No. 116-136, 134 Stat. 281 (2020). Congress enacted the CARES Act to protect the millions of Americans employed by small businesses. Part of the CARES Act included the PPP, which provided the SBA with the funding and authority to operate a loan program designed to financially assist small businesses with their cash-flow during the COVID-19 pandemic. *See id.* § 1102; 15 U.S.C. §636.

13.

Specifically, Section 1106 of the CARES Act, as amended by the Paycheck Protection Program Flexibility Act (the **Flexibility Act**), Pub. L. No. 116-145, 134 Stat. 641 (2020), sets out the conditions of loan forgiveness for PPP loan recipients. "An eligible recipient shall be eligible for forgiveness of indebtedness" provided that at least 60 percent of the PPP loan funds are used

for certain payroll expenses.  15 U.S.C. § 636m(b), (d).  The SBA is required to reimburse the private lender for any PPP loan determined eligible for forgiveness.  15 U.S.C. § 636m(c)(3). PPP loan recipients must submit applications to the SBA to be considered for forgiveness and the SBA must forgive the PPP loan if the borrower was an "eligible recipient" of the PPP loan.

14.

The CARES Act was signed into law by the President on March 27, 2020.

## II.  Plaintiff Obtains Its First and Second PPP Loans

15.

Plaintiff applied for a PPP loan on April 15, 2020, which was funded and forgiven in the ordinary course (the **First PPP Loan**).

16.

Plaintiff then applied for a second PPP loan by application submitted to US Bank on January 21, 2021 (the **Second PPP Loan**).  Plaintiff received $2,000,000 in proceeds from the Second PPP Loan, all of which were used for purposes set forth in the CARES Act.

17.

On or about March 14, 2022, the SBA issued a letter denying forgiveness of the Second PPP Loan in full (the **First Letter of Denial**).  A true copy of the First Letter of Denial is attached hereto as **Exhibit 1**, which is incorporated by reference as though fully set forth.  The First Letter of Denial indicated that the SBA was denying forgiveness of the Second PPP Loan because Plaintiff was ineligible for the First PPP Loan because David Thomason, an owner of 20 percent or more of Plaintiff, was convicted of a criminal offense and sentenced to 24 months of probation on August 27, 2019, after being charged on August 13, 2019.  The SBA concluded in the First Letter of Denial that Plaintiff was ineligible to receive PPP loans because "applicants are ineligible

for a PPP loan if an owner of 20% or more is subject to probation or parole. Additional information was requested to further evaluate the borrower eligibility; however, no additional documentation that was received demonstrated eligibility." *See* Ex. 1.

18.

Plaintiff appealed the denial of forgiveness set forth in the First Letter of Denial. The SBA withdrew the First Letter of Denial and issued a separate letter dated May 16, 2022, denying forgiveness of Plaintiff's Second PPP Loan (the **Second Letter of Denial**). A true copy of the Second Letter of Denial is attached hereto as **Exhibit 2**, which is incorporated by reference as though fully set forth. The Second Letter of Denial states that forgiveness of the Second PPP Loan was denied because "[a]t the time of the First-Draw distribution, David R. Thomason, a principal with fifty percent ownership of SOUTHERN OREGON ELMER'S LLC, was sentenced to twenty-four months' probation on August 26th, 2019, after being charged with a conviction on August 13, 2019. David R. Thompsons [*sic*] first draw loan application is dated 4/15/2020 and being on probation would make him ineligible to receive a PPP loan. It should be noted that the applicant did not disclose this information at the time of the first draw application." *See* Ex. 2.

19.

Plaintiff timely appealed the Second Letter of Denial, and on February 27, 2023, the OHA issued a decision upholding the SBA decision denying forgiveness of the Second PPP Loan. Among other things, Plaintiff argued that the criminal history eligibility rule contained in the April and June 18 IFRs was the product of arbitrary and capricious rulemaking and was therefore invalid and unenforceable. Plaintiff filed a Petition for Reconsideration, which was denied by OHA decision dated April 20, 2023 (the **OHA Decision**). The OHA became final 30 days later (the **SBA Final Decision**). The OHA acknowledged but declined in both the February 27, 2023, decision

and the April 20, 2023, denial of Petition for Reconsideration, to take up Plaintiff's argument that the rule of ineligibility relied on by the SBA in both the First and Second Letters of Denial was arbitrary and capricious as promulgated, and therefore unenforceable.

## CLAIM FOR RELIEF (JUDICIAL REVIEW)

20.

The allegations contained in the foregoing paragraphs are realleged as though fully set forth herein.

21.

This Court is authorized and empowered to review the SBA Final Decision and OHA Decision denying forgiveness of the Second Draw PPP Loan for errors.

22.

The SBA Final Decision constituted arbitrary and capricious conduct by the SBA in violation of 5 U.S.C. § 706(2)(A).

23.

The OHA Decision constituted arbitrary and capricious conduct ty the SBA in violation of 5 U.S.C. § 706(2)(A).

24.

The Court should hold that the SBA Final Decision and the OHA Decision were unlawful, should set aside the Final Decision and the OHA Decision, and should direct the SBA to grant forgiveness of Plaintiff's Second Draw PPP Loan.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Southern Oregon Elmer's, LLC respectfully prays for a judgment as follows:

i. Reversing and setting aside the Final Decision and OHA Decision, and directing the SBA to issue a new decision on Plaintiff Southern Oregon Elmer's, LLC's forgiveness application forgiving its Second Draw PPP Loan;

ii. Declaring that the criminal history exclusion rule contained in the April and June 18 IFRs was promulgated by the SBA arbitrarily and capriciously;

iii. Awarding costs and reasonable attorney fees to Plaintiff, to the extent permitted by law; and

iv. Granting all other relief this Court may deem just and proper.

DATED: October 10, 2023.

WATKINSON LAIRD RUBENSTEIN, P.C.

By: /s/ Clark E. Rasche
Clark E. Rasche, OSB No. 114960
Email: crasche@wlrlaw.com
1203 Willamette Street, Ste 200
Eugene, OR 97440
PO Box 10557
Eugene, OR 97440
T: 541-484-2277